UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD BOWLDS and DOROTHY
BOWLDS,

      Plaintiff,

v.

WAFFLE HOUSE, INC., a Foreign
Corporation,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF FLORIDA
      TAMPA DIVISION

Defendant, WAFFLE HOUSE, INC. ("Defendant"),[1] by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Local Rule 4.02, hereby removes this action, which is styled, EDWARD BOWLDS and DOROTHY BOWLDS v. WAFFLE HOUSE, INC., a Foreign Corporation, and designated Case No.: 2026-CA-000680, from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, in which the action is now pending, to the United States District Court for the Middle

---

[1] By seeking removal to ensure compliance with the federal statutory deadlines, Defendant, acknowledges that East Coast Waffles, Inc. is the entity that operates this restaurant location, and Defendant affirmatively notes that both Waffle House, Inc. and East Coast Waffles, Inc. are diverse from Plaintiffs.

1

District of Florida, Tampa Division.   In support of this removal, and pursuant to 28 U.S.C. § 1446, Defendant states:

1.      The Complaint in this action was filed in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, on February 11, 2026, and was served upon Defendant's registered agent on February 25, 2026.  A copy of the Summons and Complaint are attached collectively hereto as **Exhibit "A."**

2.      The District Courts of the United States have original jurisdiction over this civil action as provided in 28 U.S.C. § 1332.  Under that section, this Court has jurisdiction based upon complete diversity of citizenship between the parties, as follows:

a.      Plaintiffs, Edward Bowlds and Dorothy Bowlds ("Plaintiffs"), are residents of the State of Florida.  (See Compl. ¶¶ 2-3.) Although one's domicile or citizenship is not synonymous with one's residency, there is a presumption that one's residence is their domicile.  Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966).[2]  Accordingly, Plaintiffs are presumed citizens of the State of Florida based upon their pled allegations of residency.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

b.      Defendant, Waffle House, Inc., is a citizen of the State of Georgia, as it is a foreign corporation, incorporated under the laws of the State of Georgia with its principal place of business located at 5986 Financial Drive, Norcross, Georgia, 30071.  (See Defendant's Annual Report Filing with the Florida Secretary of State, attached hereto as **Exhibit "B")**; see 28 U.S.C. § 1332(c).

c.      Additionally, Defendant's wholly owned subsidiary, East Coast Waffles, Inc., which Defendant anticipates being added to this matter, is also a citizen of the State of Georgia, as it is a foreign corporation, incorporated under the laws of the State of Georgia with its principal place of business located at 5986 Financial Drive, Norcross, Georgia, 30071.  (See East Coast Waffles, Inc.'s Annual Report Filing with the Florida Secretary of State, attached hereto as **Exhibit "C."**)  Accordingly, if this party is added, there will remain complete diversity between the parties.

d.      The amount in controversy exceeds the minimum sum of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

3.      As to the amount in controversy, Plaintiffs' Complaint states only that their damages exceed the amount of $50,000.  (See Compl. ¶ 1.) Since Plaintiffs' made a non-specific demand for damages in their state court

pleading, Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332.  See Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Williams v. Best Buy Company, 269 F.3d 1316, 1319 (11th Cir. 2001).

4.      The Court considers the economic special damages at issue, and district courts give preference to the plaintiff's own assessment of the value of his case.  See DeGeorge v. Geico General Insurance Company, 2012 WL 6212916, *2 (MD Fla. 2012) (finding diversity jurisdiction by analyzing details of demand letter in support of removal).

5.      In the instant case, Plaintiffs sent a pre-suit demand letter, dated November 5, 2025, regarding Plaintiffs' alleged damages resulting from the incident that is the subject of Plaintiffs' Complaint.  (See Pl. Demand Letter, November 5, 2025, attached hereto as **Exhibit "D."**) Demand letters and settlement offers that provide specific information and good faith assessments regarding a plaintiff's claim for damages may be considered in determining the amount in controversy.  See, e.g., Mick v. De Vilbiss Air Power Co., 2010 WL 5140849, *1-2 (M.D. Fla. Dec. 14, 2010); Lutins v. State Farm Mut. Auto. Ins. Co., 2010 WL 6790537, *2 (M.D. Fla. Nov. 4, 2010).

6.      In Plaintiffs' demand letter, there is lengthy and substantive discussion of over three (3) pages regarding Plaintiff Edward Bowlds's alleged injuries and diagnoses, including:

      a.      Nose fracture; and

      b.      Torn rotator cuff.

(Exhibit D.)

7.      Plaintiffs' demand letter also estimates outstanding past medical charges.  As of the date of the demand letter, Plaintiff's past medical charges are noted to exceed $25,000, and Plaintiff is considering shoulder replacement surgery, which Plaintiffs contend would increase his medical expenses to close to $100,000.  (Exhibit D.)

8.      Additionally, Plaintiff is seeking undisclosed amounts for Plaintiff's claims for additional future medical care and past and future pain and suffering, as well as Plaintiff Dorothy Bowlds's claim for loss of consortium.  (See Exhibit D.)

9.      When considering Plaintiffs' claim for past medical bills and future medical treatment, as well as the claims for past and future pain and suffering and loss of consortium, Plaintiffs alleged damages exceed $75,000.00.  (See Compl.; Exhibit D); see also Katz v. J.C. Penny Corp., Civil Action No. 09-CV-60067, 2009 WL 1532129 at *5-6 (S.D. Fla. June 1, 2009)

(considering future medical costs and pain and suffering to support a finding that the jurisdictional amount in controversy has been established).

10.    Under the provisions of 28 U.S.C. § 1441, the right exists to remove this action from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, which embraces the place where this action is pending.  See 28 U.S.C. § 1441(a).

11.    Venue is properly in the Tampa Division of the Middle District of Florida, pursuant to M.D.L.R. 1.02(b)(3).

12.    This Notice of Removal is being timely filed within thirty (30) days after service of the Complaint on Defendant, as required by 28 U.S.C. §1446(b)(1).  (Compl.)

13.    Defendant filed with the Clerk of the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, a Notice to State Court of Defendant's Filing Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice to is attached hereto as **Exhibit "E."**

14.    Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. 2026-CA-000680 now pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida be removed to this Federal Court.

Respectfully submitted this 17th day of March, 2026.

MOORE INGRAM JOHNSON & STEELE, LLP

*/s/ Kimberly E. Young*
KIMBERLY E. YOUNG
Florida Bar No.: 109590
SCHAMMUA POLICARD
Florida Bar No.: 1025627
1000 Legion Place, Suite 701
Orlando, Florida 32801
Telephone (407) 367-6233
Facsimile (407) 845-1500
Primary: keyoung@mijs.com
Secondary: sbsalsburystemen@mijs.com
Primary: spolicard@mijs.com
Secondary: lmkrasnow@mijs.com
Secondary: orlservice@mijs.com
Counsel for Defendant, Waffle House, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of March, 2026, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, to all counsel of record: William Lee Clark, Esq., W. Lee Clark & Associates, 11161 East State Road 70, Suite 110-137, Lakewood Ranch, Florida 34202, pleadings@wleeclark.com, lee@wleeclark.com and audrie@wleeclark.com.

MOORE INGRAM JOHNSON & STEELE, LLP

*/s/ Kimberly E. Young*
KIMBERLY E. YOUNG
Florida Bar No.: 109590
SCHAMMUA POLICARD
Florida Bar No.: 1025627
1000 Legion Place, Suite 701
Orlando, Florida 32801
Telephone (407) 367-6233
Facsimile (407) 845-1500
Primary: keyoung@mijs.com
Secondary: sbsalsburystemen@mijs.com
Primary: spolicard@mijs.com
Secondary: lmkrasnow@mijs.com
Secondary: orlservice@mijs.com
Counsel for Defendant, Waffle House, Inc.