Filing # 241564979 E-Filed 02/11/2026 04:31:47 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

Date: 2/25/26    Time: _____ 11 am
MCN #111
is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

EDWARD BOWLDS and
DOROTHY BOWLDS,

    Plaintiffs,

v.                                                    CASE NO.:
                                                      DIVISION:

WAFFLE HOUSE, INC., a
Foreign Corporation,

    Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

**WAFFLE HOUSE, INC.**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

The defendant is required to serve written defenses to the complaint or petition on **WILLIAM LEE CLARK,** plaintiff's attorney, whose address is **11161 East State Road 70, Suite 110-137, Lakewood Ranch, FL 34202** within 20' days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Attorney: WILLIAM LEE CLARK
Attorney for Edward Bowlds and Dorothy Bowlds
Address: 11161 East State Road 70, Suite 110-137
Lakewood Ranch, FL 34202
Florida Bar No: 89785
For the Clerk of Court Stacy M. Butterfield
53-2026-CA-000680-A000
Deputy Clerk 2/12/2026 8:02:09 AM



DATED:   02/12/ 2026

¹ Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Polk County Clerk of Court least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days.**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a ' written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

2

2026CA-000680-A000-BA        Received in Polk 02/11/2026 08:45 PM
**EXHIBIT A**

Filing # 241564979 E-Filed 02/11/2026 04:31:47 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

EDWARD BOWLDS and
DOROTHY BOWLDS,

        Plaintiffs,

v.                                 CASE NO:

WAFFLE HOUSE, INC., a
Foreign Corporation,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, EDWARD BOWLDS and DOROTHY BOWLDS, hereby sue Defendant,

WAFFLE HOUSE, INC. ("WAFFLE HOUSE"), and states:

## JURISDICTION

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00)

exclusive of interest, costs and attorneys' fees.

2. At all times material to this action, Plaintiff, EDWARD BOWLDS, was and is a

resident of Bartow, Polk County, Florida.

3. At all times material to this action, Plaintiff, DOROTHY BOWLDS, was and is a

resident of Bartow, Polk County, Florida

4. At all times material to this action, Defendant, WAFFLE HOUSE, was and is a

Georgia Corporation authorized to transact business in Polk County, Florida for which it receives

substantial revenue. Defendant, WAFFLE HOUSE, may be served with process via its Registered

Agent at the following address: Corporation Service Company, 1201 Hays Street, Tallahassee, FL

1

**EXHIBIT A**

32301.

5.      Defendant, WAFFLE HOUSE, submitted itself to the jurisdiction of this Honorable Court by doing personally, or through its agents, at all times material to this action, the following acts:

   a.   Conducting and engaging in substantial business and other activities in Florida by owning, operating, and/or managing Waffle House restaurant locations, including the Subject Premises, and selling and/or providing restaurant and food services related thereto to persons, firms, or corporations in this state, which were used by consumers in Florida in the ordinary course of commerce and trade;

   b.   Committing a tortious act within this state as described in this Complaint; and

   c.   Causing injury to persons in Florida, including Plaintiff, EDWARD BOWLDS. At or about the time said injuries occurred, Defendant, WAFFLE HOUSE, owned and/or operated the Waffle House restaurant located in Polk County, Florida including the Subject Premises, and WAFFLE HOUSE's restaurant and food service operations consumed within Florida in the ordinary course of commerce, and WAFFLE HOUSE was engaged in substantial and not isolated activity within this state.

6.      The incident giving rise to this Complaint occurred at the WAFFLE HOUSE located at 1530 N Broadway Avenue, Bartow, Florida 33830 (the "Subject Premises").

7.      Venue is proper in this Circuit because the Defendant can be found in and/or transacts business in the Tenth Judicial Circuit. Additionally, this cause of action accrued within the territorial bounds of the Tenth Judicial Circuit.

**GENERAL ALLEGATIONS – THE SUBJECT INCIDENT**

8.      On April 17, 2025, Defendant, WAFFLE HOUSE, either owned, was in possession of, or was responsible for the operation and/or maintenance of the Subject Premises.

9.      On April 17, 2025, the Subject Premises was open for business as a restaurant.

10.     On April 17, 2025, Plaintiff, EDWARD BOWLDS, arrived and parked at the Subject Premises for the purpose of dining at Defendant's restaurant; thus, Plaintiff, EDWARD

2

**EXHIBIT A**

BOWLDS, was a business invite on the Subject Premises at the time of this incident.

11.    The Subject Premises is a single-story restaurant. The restaurant consists of a primary dining area and kitchen in the interior, and an exterior parking lot and walkway. On the Subject Premises, the exterior walkway and curb area are utilized by business invitees to enter the restaurant from the parking lot (the "Subject Curb").

12.    The parking lot is designed for customers of the restaurant to park opposite of the building, walk across the parking lot, navigate a curb from the parking lot onto the sidewalk to enter the restaurant.

13.    However, the curb from the parking lot to the sidewalk is abnormally high for a curb of that type and because it is abnormally high, it increases the risk to pedestrians in the parking lot by being a trip hazard.

14.    Additionally, the curb is poorly maintained so that the color of the curb blends into the color of the parking lot, thereby masking and obscuring the change in elevation from the parking lot to the sidewalk.

15.    The curb is devoid of any paint or markings which would draw a pedestrian's view to the change in elevation or the abnormally high curb.

16.    Additionally, on April 17, 2025, WAFFLE HOUSE installed large advertisements in the windows facing the parking lot where customers entering the restaurant would be coming from.

17.    These advertisements in the windows were of a size, placement, and orientation that they are clearly meant to attract the attention of customers who were already parked in the parking lot and entering the restaurant and not for the motoring public on the adjacent highway. In other words, these advertisements were for customers already at the restaurant who were already

3

**EXHIBIT A**

pre-disposed to dining at the restaurant but were still ambulating across the parking lot and onto the sidewalk.

18.     The size, placement, and orientation of these window advertisements posed a distraction to customers.

19.     The advertisements capture the attention of customers approaching the sidewalk and divert their attention away from the trip hazard posed by the curb. However, there is no need for the advertisements to be displayed in such a manner as it unreasonably increases the risk of a trip and fall by a customer already going to enter the restaurant.

20.     On April 17, 2025, Plaintiff, EDWARD BOWLDS, was walking across the parking lot approaching the sidewalk area to enter the restaurant. It was foreseeable to Defendant, WAFFLE HOUSE, that invitees such as Plaintiff, EDWARD BOWLDS, would be walking in that area.

21.     It was also foreseeable to Defendant that invitees, like Plaintiff, EDWARD BOWLDS, would be viewing the advertisements in the windows as he is navigating the step up from the parking lot to the sidewalk.

22.     While navigating the parking lot and stepping up the abnormally high curb, Plaintiff, EDWARD BOWLDS', attention was distracted by the advertisements, and he unknowingly tripped and fell over the curb which resulted in severe and permanent injuries.

23.     On April 17, 2025, there were no signs or other warnings to alert Defendant, WAFFLE HOUSE'S, invitees, including Plaintiff, EDWARD BOWLDS, to the hazard presented by the curb, the window advertisements, and the combination of the curb height, the lack of warning paint, and the distraction created by the window advertisements which all amount to unreasonably dangerous conditions at the Subject Premises.

4

**EXHIBIT A**

## COUNT I – PREMISE LIABILITY NEGLIGENCE AGAINST WAFFLE HOUSE

24.    Plaintiff realleges the allegations incorporated in paragraphs 1 through 23 as if restated verbatim herein.

25.    DUTY: Defendant, WAFFLE HOUSE, owed EDWARD BOWLDS a non-delegable duty to maintain the Subject Premises in a reasonably safe condition and to either repair unsafe conditions and/or to warn business invitees, including Plaintiff, EDWARD BOWLDS, of the dangerous and unsafe conditions on the premises of which Defendant, WAFFLE HOUSE was aware of or, in the exercise of reasonable care, should have been aware.

26.    BREACH: At said time and place, Defendant, WAFFLE HOUSE, breached its duties to Plaintiff, EDWARD BOWLDS, in one or more of the following ways:

a.    Allowing a trip hazard to be present and remain on the premises which was higher than a normal sidewalk curb in the area where business invites need to walk to enter the restaurant;

b.    negligently maintaining the Subject Premises in an unsafe manner by failing to visually distinguish the sidewalk curb from the parking lot;

c.    failing to guard against the dangerous and/or unsafe condition, specifically, failing to install warning barricades, signs, paint, and other visual indicators to warn of the trip hazard;

d.    failing to ensure appropriate warning signs or other markings or features to ensure safe passage of said area;

e.    failing to ensure that the Subject Premises was compliant with all relevant safety standards;

f.    failing to ensure that the Subject Premises had safe conditions for all patrons and business invitees entering;

g.    creating a hazardous environment on the sidewalk curb with large advertisements in a business invitee's line of sight alongside a lack of proper safety indicators on the Subject Curb all of which by itself and in combination with each other created an unreasonably dangerous condition; and

h.    failing to warn Plaintiff of the existence of the dangerous and/or unsafe condition.

5

**EXHIBIT A**

27.    CAUSATION: The negligence described above directly and proximately caused Plaintiff, EDWARD BOWLDS's injuries and damages, in that it directly, and in a natural and continuous sequence, produced or contributed to such injuries and damages.

28.    The negligent condition was created by Defendant, WAFFLE HOUSE. Alternatively, the negligent condition was known to Defendant, WAFFLE HOUSE, or had existed for a sufficient length of time so that Defendant, WAFFLE HOUSE, should have known of it.

29.    DAMAGES: As a direct and proximate result of the foregoing, the Plaintiff, EDWARD BOWLDS, has sustained serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, embarrassment, humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. These losses are permanent and continuing, and Plaintiff, EDWARD BOWLDS, will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, EDWARD BOWLDS, demands judgment against the Defendant, WAFFLE HOUSE, for damages, costs, interest, and other such relief as this Court deems just and proper.

## COUNT II – GENERAL NEGLIGENCE AGAINST WAFFLE HOUSE

30.    Plaintiff realleges the allegations incorporated in paragraphs 1 through 23 as if restated verbatim herein.

31.    DUTY: Defendant, WAFFLE HOUSE, owed EDWARD BOWLDS a duty to use reasonable care in the operating of its business to ensure that the actions by employees and agents of Defendant do not create a dangerous condition that increases the zone of risk for pedestrians in the area of the Waffle House.

32.    BREACH: At said time and place, Defendant, WAFFLE HOUSE, breached its

6

EXHIBIT A

duties to Plaintiff, EDWARD BOWLDS, in one or more of the following ways:

    a. Posted signs and advertisements which were placed in such a manner as to distract pedestrians from being able to lookout for their own safety;

    b. Creating a hazardous condition that increased the zone of risk for pedestrians in the vicinity of the Waffle House;

    c. Failing to design a safe means of ingress and egress for patrons reasonably expected to walk from the parking lot to the entrance;

    d. Placing an attention-grabbing advertisement that was specifically oriented toward the parking lot, and intended to attract and hold the attention of patrons approaching on foot;

    e. Actively distracting invitees by using visual advertising in the direct line of pedestrian travel, increasing the foreseeable risk that patrons would not notice changes in elevation;

    f. Failing to anticipate foreseeable patron behavior, including that customers would look at advertisements placed to attract their attention; and

    g. Increasing the risk of harm beyond ordinary conditions by prioritizing marketing and visual appeal over pedestrian safety.

33. CAUSATION: The negligence described above directly and proximately caused Plaintiff, EDWARD BOWLDS's injuries and damages, in that it directly, and in a natural and continuous sequence, produced or contributed to such injuries and damages.

34. DAMAGES: As a direct and proximate result of the foregoing, the Plaintiff, EDWARD BOWLDS, has sustained serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, embarrassment, humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. These losses are permanent and continuing, and Plaintiff, EDWARD BOWLDS, will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, EDWARD BOWLDS, demands judgment against the Defendant, WAFFLE HOUSE, for damages, costs, interest, and other such relief as this Court

**EXHIBIT A**

deems just and proper.

## COUNT III – CONSORTIUM CLAIM AGAINST WAFFLE HOUSE

35.    Plaintiff realleges the allegations incorporated in paragraphs 1 through 34 as if restated verbatim herein.

36.    At all times material to this action, Plaintiff, DOROTHY BOWLDS, has been married to Plaintiff, EDWARD BOWLDS.

37.    As a direct and proximate result of the conduct of Defendant, WAFFLEHOUSE, Plaintiff, DOROTHY BOWLDS, has sustained the following past and future damages:

a.   Medical and related expenses incurred in seeking medical treatment and care for her husband's injuries; and

b.   Loss of comfort, companionship, fellowship, company, cooperation, aid, affection, solace, society, assistance, and consortium of her husband, EDWARD BOWLDS.

**WHEREFORE**, Plaintiff, DOROTHY BOWLDS, demands judgment against the Defendant, WAFFLE HOUSE, for damages, costs, interest, and other such relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiffs, EDWARD BOWLDS and DOROTHY BOWLDS, pray that upon final judgment they may have and recover: judgment against Defendant, WAFFLE HOUSE, pre-judgment interest as allowed by law; post-judgment interest as allowed by law; actual damages; costs and expenses of suit; and any other such relief, at law or equity, to which Plaintiffs may be justly entitled.

8

**EXHIBIT A**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Defendant via service of process.

Dated: February 11, 2026

/s/ William Lee Clark
WILLIAM LEE CLARK, ESQUIRE
Florida Bar No.: 089785
**W. LEE CLARK & ASSOCIATES**
11161 East State Road 70, Suite 110-137
Lakewood Ranch, FL 34202
Telephone: (941) 231-4929
Primary Email: pleadings@wleeclark.com
Secondary Email: lee@wleeclark.com
Secondary Email: audrie@wleeclark.com
*Counsel for Plaintiffs*

9

**EXHIBIT A**